IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CARLOS BAUTISTA and GAUDENCIO ANTONIO, Individually and On Behalf of All Others Similarly Situated,

                Plaintiff,

-against-

JNF BAKERY CORP. d/b/a EUROPAN 94 and JOHN DOES #1-10, Jointly and Severally,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 12-14-2016

15 Civ. 7773 (LTS)

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

The above-captioned matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement ("Motion for Preliminary Approval").

**I.    Background and Procedural History**

1. The parties' proposed settlement resolves all claims in the action entitled *Bautista, et al v. JNF Bakery Corp. d/b/a Europan 94, et al.*, 15 Civ. 7773 (LTS) which is currently pending before this Court.

2. The Plaintiffs in this action allege that JNF Bakery Corp. d/b/a Europan 94 ("Europan"), located at 2503 Broadway, New York, New York 10025 paid a weekly flat rate such that Plaintiffs' effective hourly rate fell below the minimum wage, failed to pay overtime premiums for the hours that hourly employees worked over 40 in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Plaintiffs further allege that defendant failed to pay spread of hours premiums for days in which plaintiffs worked over 10

hours in a day and failed to provide wage statements and wage notices, in violation of the New York Labor Law ("NYLL").

3. On October 1, 2015, Named Plaintiffs Carlos Bautista and Gaudencio Antonio commenced this action as a putative class action under Fed. R. Civ. P. 23 and as a collective action under the FLSA. The Named Plaintiffs are former restaurant workers whose duties included making deliveries, cleaning, washing dishes and making pizza, who allege that they and Defendant's other hourly employees were not paid minimum wage for all hours worked, overtime premiums when they worked in excess of 40 hours in a given workweek or spread of hours premiums when they worked in excess of 10 hours in a given day and that Defendant's failed to provide wage statements and wage notices. Defendant JNF Bakery Corp. d/b/a Europan 94 filed its Answer on February 8, 2016, disputing the material allegations and denying any liability in the proposed class and collective action.

## II. Preliminary Approval of Settlement

4. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Declaration of Brent E. Pelton ("Pelton Declaration"), the parties' Supplemental Letter in support of the Motion, and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached as Exhibit A to the parties' Supplemental Letter, dated November 17, 2016, *subject to the correction marked on DE # 28-1 (pg 27) attached hereto.*

5. The Settlement Agreement contemplates a settlement on a Rule 23 class-wide basis for the following class: "*All non-exempt and/or hourly employees who are or were employed by*

2

*JNF Bakery Corp. d/b/a Europan 94, located at 2503 Broadway, New York, New York 10023, between October 1, 2009 and the date of this Order."* (Ex. A ¶ 1.6).

6. The Settlement Agreement creates a fund of $250,000 to settle this Action (the "Settlement Fund"). (Ex. A ¶ 3.1(A)). The Settlement Fund covers class members' awards, service awards, attorneys' fees and costs, and administration fees and costs. (Ex. A ¶ 1.32). After attorneys' fees and costs, newspaper publication costs, service awards for the Named Plaintiffs, settlement administration costs, the remaining funds (the "Net Settlement Fund") will be allocated among the Class Members. (Ex. A ¶¶ 1.19, 3.4(A)).

7. Class Members are required to return a Claim Form in order to participate in the Settlement. (Ex. A ¶¶ 1.4, 2.4). Class Members shall be notified of the settlement by mail and by newspaper publication at least one (1) day per week for a period of four (4) weeks following Preliminary Approval, in a Spanish language newspaper publication with circulation in the Greater New York City Area. (Ex. A ¶¶ 2.4, 2.5). The Settlement Administrator will use all reasonable means to obtain the correct address of any Class Member for whom the notice and Claim Form are returned as undeliverable. (Ex. A ¶ 2.4(C)). Payments will be issued in two (2) rounds of distribution, permitting Class Members at least one hundred and eighty (180) days to join the Settlement. (Ex. A ¶ 3.5).

8. As set forth in the Settlement Agreement, Class Members are allocated a portion of the Settlement Amount utilizing an allocation formula based on each individual's dates of employment and information contained in Defendant's payroll records. (Ex. A ¶ 3.4(B)).

9. Any Class Member who wishes to obtain the employment information from which his or her allocation is based, is permitted to contact the Settlement Administrator for such information. (Ex. A ¶ 3.4(C)). Any class member may also submit evidence to the Settlement

3

Administrator in support of their alleged dates of employment if they believe that the information contained in the Defendants' records is not accurate. (*Id.*). Such evidence will be considered by counsel for the parties. (*Id.*). After consideration by counsel for the parties, Class Counsel will inform the Class Member regarding the determination made by counsel for the parties regarding the disputed claim. (*Id.*). In the event that the Class Member is not satisfied with the determination made by counsel, the Class Member can write to Class Counsel with their dispute of counsel's determination. (*Id.*). Class Counsel will submit all disputes from Class Members regarding the determination made by counsel to Judge Swain for resolution and final determination by the Court. (*Id.*). In addition, in the event that counsel for the Parties disagree regarding the impact of the evidence submitted by the Class Member on that Class Member's individual allocation, after meeting and conferring, counsel will submit a joint letter to Judge Swain setting forth each party's position for resolution and final determination by the Court. (*Id.*).

10. In the absence of evidence submitted by a class member that demonstrates their dates of employment are different from those contained in Defendants' records, the dates of employment found in Defendants' records will govern. (*Id.*).

11. The amounts paid to Class Members will be allocated fifty percent (50%) as W-2 wage payments and (50%) as 1099 liquidated damages and interest, such that all W-2 payments shall be subject to payroll and withholdings taxes. (Ex. A ¶ 3.4(B)).

12. The approval of a proposed class action settlement is a matter of discretion for the trial court. *Joel A. v. Guiliani*, 218 F.3d 132, 139 (2d Cir. 2000). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks

4

and rewards of litigation..." *Castagna v. Madison Square Garden, LP*, No. 09-cv-10211, U.S. Dist. LEXIS 64218 (S.D.N.Y. June 7, 2011) (internal citation omitted).

13. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

14. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002). To grant preliminary approval, the Court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *Torres v. Gristede's Operating Corp.*, No. 04-cv-3316, 2010 U.S. Dist. LEXIS 75362, at *11 (S.D.N.Y. June 1, 2010) (quoting *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980)). If, after a preliminary evaluation of the proposed settlement, the Court finds that it "appears to fall within the range of possible approval," the Court should order that the class members receive notice of the settlement. *Newberg* § 11.25.

15. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval. Therefore, notice to the Class is appropriate.

16. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

17. Private mediator Carol Wittenberg of JAMS assisted the parties with settlement negotiations and presided a mediation session. This reinforces the non-collusive nature of the

settlement. *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09-cv-759, 2009 U.S. Dist. LEXIS 85954, at *3 (S.D.N.Y. Sept. 18, 2009).

### III. Notice

18. The Court approves the revised Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Proposed Class Settlement Notice") attached to the parties' November 17, 2016 Supplemental Letter as Exhibit B, *subject to the corrections marked on pages 5 and 8 of DE #28-3, attached hereto.*

19. The content of the Proposed Class Settlement Notice fully complies with due process and Federal Rule of Civil Procedure 23.

20. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses: that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

21. The Proposed Class Settlement Notice fulfills each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Proposed Class Settlement Notice is appropriate because it describes the terms of the settlement, informs the Class Members about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

22. The Proposed Class Settlement Notice is reasonable and constitutes due, adequate and sufficient notice to the Class Members.

6

23. The Court hereby adopts the following settlement approval process, which safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements, *See* Fed. R. Civ. P. 23(e); *Newberg* §§ 11.22 *et seq.*; *Damassia v. Duane Reade*, No. 04-Civ-8819, 2009 U.S. Dist. LEXIS 77489 (S.D.N.Y. July 24, 2009) (granting final approval of class action settlement after preliminary approval, notice and fairness hearing):

  a. Within twenty (20) business days of this order, Europan will provide the Settlement Administrator with a list of all Class Members containing names, dates of employment, and last known addresses (to the extent known).

  b. Within ten (10) days of receiving the Class List, the Settlement Administrator will mail the appropriate Notice to all class members.

  c. Class Members will have sixty (60) days after mailing of the Class Notice to submit an opt-out statement, and/or to object to the settlement.

  d. The Court will hold a final fairness hearing on __April 28, 2017__ at __2:30 pm__ [insert date approximately 75 days from Preliminary Approval Order] at the United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York 10007.

  e. No later than fourteen (14) days prior to the fairness hearing, Plaintiffs will prepare and file a Motion for Final Approval of the Settlement, together with a motion seeking the payment of attorneys' fees, costs, and service awards.

  [handwritten annotation: The Motion for final approval must include an affidavit identifying the class members who have opted out, and copies of the objections received, if any, and any requests to speak at the hearing.]

  f. If the Court grants the Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

  g. Eligible Class Members will have 180 days from the date of the mailing of the Notice of Proposed Settlement to submit a claim form to participate in the monetary recovery of the settlement (as set forth in the Settlement Agreement and Release).

  h. Defendant shall transfer or wire the Settlement Amount to the Settlement Administrator, which shall be no later than the date ten (10) days after the Court enters the Final Approval Order.

4818-3710-8537v.1

It is so ORDERED this 14th day of December, 2016.

_____
Honorable Laura Taylor Swain
United States District Judge

8

*De # 28-1 Page 27*

Claim Form; (4) the proposed Settlement Administrator, and (5) the proposed Preliminary Approval Order certifying, for purposes of settlement only, the New York State Class under Fed. R. Civ. P. 23. Class Counsel will allow Defendant an opportunity to review the terms of the proposed Preliminary Approval Motion, Notices, Claim Form, Settlement Administrator and Preliminary Approval Order to ensure that they are consistent with this Agreement.

(B)  With the Preliminary Approval Motion, Class Counsel will submit to the Court the proposed: (1) Notices, (2) Claim Form, (3) Newspaper Publication, and (4) Preliminary Approval Order.

(C)  The proposed Preliminary Approval Order will include the findings required by Fed. R. Civ. P. 23(a) and 23(b)(3). The Preliminary Approval Motion also will seek (i) the setting of deadlines for Class Members to submit Claim Forms, (ii) the setting of deadlines for Class Members to submit Opt-out Statements or provide objections to this Agreement, which deadlines will be ~~thirty (30)~~ *sixty (60)* days from the mailing of the Notice to the Class Members, and (iii) the scheduling of a Fairness Hearing for Final Approval of the Settlement before the Court at the earliest practicable date.

The Preliminary Approval Motion also will seek the setting of date(s) for the Claim Period, within which time individuals must submit Claim Forms to be participate in the Settlement, which date will be ninety (90) days from the mailing of Settlement Checks for the First Payment Distribution as set forth in <u>Section 3.5</u>, to submit statements to opt-out of this Agreement or provide objections to this Agreement, which date will be thirty (30) days from the mailing of Notice to the Class Members,.

(D)  In the Preliminary Approval Motion, Class Counsel will inform the Court of the intended process to obtain a "Final Approval Order" and a "Judgment of Dismissal" that will, among other things, seek to: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the Release, as described herein; (3) dismiss the Litigation with prejudice; (4) award Class Counsel fees and costs, (5) approve payment of the Settlement Administrator's fees from the Settlement Amount, and (6) award a Service Award to the Named Plaintiffs.

(E)  While the Parties expect that the Preliminary Approval Motion will not be opposed and will be filed upon the consent of the Defendant, Defendant may respond to the Preliminary Approval Motion to ensure that it is consistent with the terms of this Agreement. Any response papers will be due seven (7) days after Plaintiffs file the Preliminary Approval Motion.

(F)  If the Court denies the Preliminary Approval Motion, unless the parties jointly agree to seek reconsideration of the ruling or to seek Court approval of a renegotiated settlement, the Litigation will resume as if no settlement had been attempted. Defendant retains the right to contest whether the Litigation should be

*DE #28-3 pg 5*

Administrator, after consideration by counsel for the parties, counsel will inform you regarding their determination as to the impact of your evidence on the disputed claim. If you are not satisfied with the determination made by counsel based on the evidence that you submitted, you can write to Class Counsel at: Europan 94 Settlement, c/o Pelton Graham LLC, 111 Broadway, Suite 1503, New York, NY 10006, Email: pelton@peltongraham.com, Fax: (212) 385-0800. Class Counsel will submit any written disputes to the Court for resolution and final determination by Judge Swain. If you do not submit any evidence or counsel for the parties determines that your evidence is not sufficient, the information from Defendants' employment records will govern.

## HOW YOU GET A PAYMENT

### 8. How can I get a payment?

In order to be eligible to receive the payment identified in Paragraph 7, you **must** return the enclosed Claim Form to the American Legal Claims Services, the settlement administrator for this action, as set forth on the Claim Form to:

[insert contact information for American Legal Claims Services]

You may also contact American Legal Claims Services to update your contact information and claim a check.

There will be two rounds of payment made for this settlement. Class Members who return their Claim Form by [insert 90 days after date of mailing of notice] will receive their payment during the first distribution round (the "First Payment Distribution"). Class Members who return their Claim Form later than [insert date 90 days after date of mailing of notice] but prior to [insert date 90 days after First Payment Distribution] will receive their payment during the second distribution round (the "Second Payment Distribution").

Class Members who do not return their Claim Form by [insert date 90 days after the First Payment Distribution] will not be eligible to receive a payment from this settlement.

If you receive a settlement check, you must deposit or cash your settlement check within one hundred and twenty (120) calendar days after it is mailed to you.

### 9. When would I get my payment?

The Court will hold a hearing on [insert date of fairness hearing] to decide whether to approve the settlement. If Judge Swain approves the settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient.

QUESTIONS? CALL CLASS COUNSEL AT (212) 385-9700

[5]

DE # 28-3 pg 8

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a written statement including your name, address, and telephone number(s) to American Legal Claims Services, including all reasons for the objection. The written objection statement must be postmarked no later than [insert date 30 days from mailing this Notice]. Any reasons not included in the statement will not be considered by the Court. Objecting to the settlement is different from disputing the information upon which your individual portion of the settlement will be calculated, as set forth in section 7, above.



60

**17. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**18. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at [insert time and date of fairness hearing], at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 1007. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Swain will listen to people who have asked to speak at the hearing. If you wish to speak at the hearing, you must make a written request to speak no later than [insert date 2-weeks prior to the date of the fairness hearing]. The written request must be made via U.S. mail, e-mail or fax to: Europan 94 Settlement, c/o Pelton Graham LLC, 111 Broadway, Suite 1503, New York, NY 10006, Email: pelton@peltongraham.com, Fax: (212) 385-0800. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**Formatted:** No underline, Font color Auto
**Formatted:** No underline
**Formatted:** Font Times New Roman, 12 pt

**19. Do I have to come to the hearing?**

No. Class Counsel will answer questions that Judge Swain may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**20. May I speak at the hearing?**

QUESTIONS? CALL CLASS COUNSEL AT (212) 385-9700

[8]

4843-3960-0697v.1