## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CARLOS BAUTISTA and GAUDENCIO ANTONIO, Individually and On Behalf of All Others Similarly Situated,**<br><br>                              **Plaintiffs,**<br><br>-against-<br><br>**JNF BAKERY CORP. d/b/a EUROPAN 94 and JOHN DOES #1-10, Jointly and Severally,**<br><br>                              **Defendants.** | **15 Civ. 7773 (LTS)** |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between plaintiffs Carlos Bautista and Gaudencio Antonio (collectively "Named Plaintiffs") individually and on behalf of a class and collective of individuals they seek to represent (collectively "Plaintiffs") and JNF Bakery Corp. d/b/a Europan 94 ("JNF Bakery" or "Defendant") (Plaintiffs and Defendant collectively, the "Parties").

### RECITALS AND BACKGROUND

**WHEREAS**, a Class & Collective Action Complaint in the above captioned action was filed on October 1, 2015, in which claims were asserted against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL") for, *inter alia*, the alleged failure to pay minimum and overtime wages and for unpaid spread of hours premium pay to Named Plaintiffs and all other employees who are allegedly similarly situated;

**WHEREAS**, the purpose of this Agreement is to settle fully and finally all Released Claims between Plaintiffs and Defendant, including all claims asserted in Carlos Bautista and Gaudencio Antonio, Individually and on Behalf of All Others Similarly Situated v. JNF Bakery Corp. d/b/a Europan 94 and John Does #1-10, Jointly and Severally, Civil Action No. 15 Civ. 7773 (the "Litigation").

**WHEREAS**, Defendant denies all of the allegations made by Plaintiffs in the Litigation, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

**WHEREAS**, the parties agreed to participate in a private mediation before Carol Wittenberg of JAMS (the "Mediator"). Prior to mediation, the Plaintiffs exchanged with Defendant a damages analysis and Plaintiffs' counsel had discussions with the Named Plaintiffs before participating in a full-day mediation. With the assistance of the Mediator, the parties were able to reach an agreement to settle the Litigation on the terms and conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continuing the Litigation.

**WHEREAS**, Plaintiffs' counsel has analyzed and evaluated the merits of the claims made against Defendant in the Litigation, and the impact of this Agreement on Plaintiffs and putative members of the collective and class actions, and based upon Plaintiffs' counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs' counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of Plaintiffs and the putative members of the collective and class actions;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.    DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1    **Agreement.**  "Agreement" means this Settlement Agreement and Release.

1.2    **Acceptance Period.**  "Acceptance Period" means the one hundred twenty (120) days that a Class Member has to endorse and cash a Settlement Check after it is mailed.

1.3    **Claim Form.** "Claim Form" means a form that satisfies the requirements set forth in Section 2.4, below.

1.4    **Claim Period**. "Claim Period" means the period within which time Class Members must mail Claim Forms to the Settlement Administrator in order to participate in the Settlement. The Claim Period shall close ninety (90) days after the mailing of the Settlement Checks for the First Payment Distribution.

1.5    **Class Counsel.**  "Class Counsel" shall mean Brent E. Pelton, Esq. and Taylor B. Graham, Esq., Pelton Graham LLC, 111 Broadway, Suite 1503, New York, NY 10006, (212) 385-9700.

1.6    **Class Members.** "Class Members" shall mean the Named Plaintiffs, Carlos Bautista and Gaudencio Antonio, and all other non-exempt and/or hourly employees who worked, for any length of time, for JNF Bakery during the Relevant Statutory Period as defined in Section 1.30.

**1.7**   **Court.**  "Court" means the United States District Court for the Southern District of New York, the Honorable Laura T. Swain, presiding.

**1.8**   **Days.**  "Days" means business days if the specified number is less than 10, and calendar days if the specified number is 10 or greater.

**1.9**   **Defendant.** "Defendant" or "JNF Bakery" shall mean JNF Bakery Corp. d/b/a Europan 94 and, as applicable, each of its present and former owners, parents, subsidiaries, affiliates, predecessors, successors, shareholders, members, related entities, directors, officers, employees, representatives, agents, assigns, heirs, insurers, attorneys, and all persons acting by, through, under or in concert with any of them. JNF Bakery does not own or operate any food service establishment other than the establishment located at 2503 Broadway, New York, New York 10025.  The terms "Defendant" shall not include any business entity other than JNF Bakery.

**1.10**    **Defendant's Counsel.**  "Defendant's Counsel" shall mean Landman Corsi Ballaine & Ford P.C., by Rebecca W. Embry, Esq. and Jennifer A. Ramme, Esq., 120 Broadway, 27th Floor, New York, NY 10271, (212) 238-4800.

**1.11**   **Effective Date.**   "Effective Date" of the settlement shall mean the next business day following the date the Court has entered a Final Approval Order approving this executed Agreement, the time to appeal from the Final Approval Order has expired and no notice of appeal has been filed (or if a notice of appeal is filed, the latest of the following, if applicable, has occurred: (1) any appeal from the Final Approval Order has been finally dismissed; (2) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of the Final Approval Order entered by the Court).

**1.12**   **Employer Payroll Taxes.**  "Employer Payroll Taxes" means all taxes and withholdings an employer is required to make arising out of or based upon the payment of employment compensation in this Litigation, including FICA, FUTA, and SUTA obligations.

**1.13**   **Fairness Hearing.**  "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

**1.14**   **Final Approval Order.**  "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement.

**1.15**   **First Payment Distribution.** "First Payment Distribution" shall refer to the first round of Settlement Checks, which shall be the amount of the Net Settlement Fund minus Fifty Thousand Dollars ($50,000.00), which will be allocated among Participating Class Members, who mailed in their Claim Forms no later than ninety (90) days after the initial mailing of Notice.

1.16    **Litigation.**  "Litigation" means the above-captioned case, <u>Carlos Bautista, et al. v. JNF Bakery Corp. d/b/a Europan 94, et al.</u>, S.D.N.Y. Civil Action No. 15 Civ. 7773 (LTS).

1.17    **Missing Class Members.**  "Missing Class Members" means those Class Members whose address and contact information Defendant was unable to provide to the Settlement Administrator.

1.18    **Named Plaintiffs**.  "Named Plaintiffs" means Carlos Bautista and Gaudencio Antonio.

1.19    **Net Settlement Fund.**  "Net Settlement Fund" means the remainder of the Settlement Amount (as defined below in Section 1.33) after deductions for: (1) the Settlement Claim Administrator's fees and costs, including costs for Newspaper Publication; (2) Court-approved attorneys' fees and costs for Class Counsel, and (3) Court-approved Service Awards.

1.20    **Newspaper Publication.**  "Newspaper Publication" means publication of notice of the proposed Litigation settlement by the Settlement Administrator in a Spanish language newspaper with distribution throughout the greater New York City area, at least one (1) day per week over the course of the Publication Notice Period, for a total of four (4) separate publications.

1.21    **Notice or Notices.**  "Notice" or "Notices" means the Court–approved Notice of Proposed Settlement of Class Action and Collective Action Lawsuit, including any revised or corrected Notices approved by the Court during the Litigation.

1.22    **Objector.**  "Objector" means an individual who files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

1.23    **Opt-out Statement**.  "Opt-out Statement" is a written signed statement that an individual Class Member has decided to opt-out and not be included in this Agreement.

1.24    **Participating Class Members**.   "Participating Class Members" are all Class Members who do not submit a valid Opt-out Statement as provided in Section 2.6 herein.

1.25    **Payment Date:** "Payment Date" shall mean the date by which Defendants must transfer or wire the Settlement Amount to the Settlement Administrator, which shall be no later than ten (10) days after the Court enters the Final Approval Order.

1.26    **Preliminary Approval Order.**  "Preliminary Approval Order" means the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, and directing the manner and timing of providing Notice to the Class Members.

1.27    **Publication Notice Period.**  "Publication Notice Period" means the one (1) month period following entry of the Preliminary Approval Order.

1.28    **Released Federal Law Claims.**  "Released Federal Law Claims" for a Class Member shall collectively mean any and all claims, debts, obligations, guarantees, costs, expenses, attorneys' fees, demands, actions, rights, causes of action, and liabilities against any

Releasees, arising under Federal law, relating to the payment of wages, overtime wages, and expenses including the Fair Labor Standards Act of 1938 ("FLSA"), whether known or unknown, and whether anticipated or unanticipated, by a Participating Settlement Class Member, that arose or accrued from October 1, 2012 through the date of the execution of this Agreement.  This includes (under such claims) requests for any type of relief, including without limitation claims for damages, unpaid wages, premium pay, unpaid overtime, tips, gratuities, adjustments to compensation, unreimbursed expenses, waiting-time penalties, or other penalties for overtime, missed meal periods, and missed rest breaks; whether for attorneys' fees, declaratory relief or injunctive relief; whether sounding in contract, tort, or otherwise; and which were or which could have been asserted in this Lawsuit against any Releasees.

1.29    **Released State Law Claims.**  "Released State Law Claims" for a Class Member shall collectively mean any and all claims, debts, obligations, guarantees, costs, expenses, attorneys' fees, demands, actions, rights, causes of action, and liabilities against any Releasees, whether known or unknown, and whether anticipated or unanticipated, by all Settlement Class Members who do not opt-out, that arose or accrued from October 1, 2009 through the date of the execution of this Agreement relating to the payment of wages, premium pay, unpaid overtime, unpaid spread-of-hours pay, adjustments to compensation, alleged deductions from compensation, unreimbursed expenses, waiting-time penalties, or other penalties for overtime, missed meal periods, and missed rest breaks; whether for attorneys' fees, declaratory relief or injunctive relief; whether sounding in contract, tort, or otherwise.  This release includes any and all claims which were or which could have been asserted in the Complaint that arose under the laws of New York, including for unjust enrichment, misrepresentation, fraud, any failure to pay any type of overtime compensation, spread-of-hours pay or minimum wage to any Participating Settlement Class Member, any failure to pay timely wages, including payment of wages at termination, any alleged deduction from wages and/or allegedly illegal payments by separate transaction, any failure to provide or pay for meal breaks, and/or rest periods, all claims for penalties or additional damages, including without limitation waiting time penalties.  The Released State Law Claims include but are not limited to any claims arising under New York Labor Law ("NYLL") §§ 160 *et seq.*, 190 *et seq.* (including, but not limited to § 191, § 193 and § 198), 215, 650, 12 N.Y.C.R.R. §§ 146-1.1. *et seq.* (including, but not limited to, § 146-2.1 *et seq.*  and § 146-3.1 *et seq.*) and any applicable Wage Order, and any and all other claims under any similar statute, order, rule or regulation which were or which could have been asserted in this Lawsuit.

1.30    **Relevant Statutory Period.**  The "Relevant Statutory Period" refers to the period between October 1, 2009 and the date of the Preliminary Approval Order.

1.31    **Second Payment Distribution.** "Second Payment Distribution" shall refer to the second round of Settlement Checks.  The amount of the Second Payment Distribution shall be Fifty Thousand Dollars ($50,000.00), to be allocated first among the Participating Class Members who mail in their Claim Forms after the deadline for the First Payment Distribution within ninety (90) days after mailing of the First Payment Distribution and second re-distributed to all Participating Class Members.

1.32 **Settlement Administrator.** "Settlement Administrator" shall mean the Settlement Claims Administrator to be selected by Class Counsel, subject to approval by Defendant, whose responsibilities will be consistent with those set forth in Section 2.2., below.

1.33 **Settlement Amount.** "Settlement Amount" means the gross amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), which Defendant will pay to fully resolve the Litigation and all Released Claims as set forth in this Agreement. The Settlement Amount is inclusive of all claims attorney's fees, expenses and costs approved by the Court and all amounts to be paid to all Participating Class Members, including Service Awards, and Employer Payroll Taxes.

1.34 **Settlement Checks.** "Settlement Checks" means checks issued by Defendant (or a third-party on Defendant's behalf) to Participating Class Members for the Participating Class Members' share of the Net Settlement Fund calculated in accordance with this Agreement.

## 2. INITIAL PROCEDURAL ISSUES

2.1 **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms for the parties to seek a full and final settlement of the Litigation.

2.2 **Retention and Responsibilities of the Settlement Administrator.** Class Counsel shall elicit bids from settlement claims administration firms and shall select one to be approved by Defendant. The Settlement Administrator will be responsible for the mailing and publication of Notices and Claim Forms to Class Members in accordance with the Court's Preliminary Approval Order, responding to inquiries from Class Members regarding their individual allocation information, distributing Service Awards, calculating the Settlement Checks in accordance with the Court's Final Approval Order, the claims administration process, distribution of the Settlement Checks to Class Members, and providing copies of the Settlement Checks (front and back) signed by the Class Members to Defendant's Counsel.

> (A) The parties will have equal access to the Settlement Administrator, and the Settlement Administrator will provide regular reports to the parties, but no less frequently than every two (2) weeks, regarding the status of the mailing of the Notices to Class Members, the claims administration process, the identity and number of Class Members who object and/or opt-out of the Settlement, and the distribution and redemption of the Settlement Checks.

> (B) Defendant agrees to reasonably cooperate with the Settlement Administrator and to provide accurate information, to the extent reasonably available, necessary to calculate the Settlement Checks, and reasonably assist the Settlement Administrator in locating Class Members.

2.3 **Preliminary Approval Motion.**

(A) Class Counsel will promptly submit to Defendant's Counsel for the latter's comment and approval: (1) a proposed Motion for Preliminary Settlement Approval ("Preliminary Approval Motion"); (2) the proposed Notices; (3) the proposed

Claim Form; (4) the proposed Settlement Administrator, and (5) the proposed Preliminary Approval Order certifying, for purposes of settlement only, the New York State Class under Fed. R. Civ. P. 23. Class Counsel will allow Defendant an opportunity to review the terms of the proposed Preliminary Approval Motion, Notices, Claim Form, Settlement Administrator and Preliminary Approval Order to ensure that they are consistent with this Agreement.

(B)     With the Preliminary Approval Motion, Class Counsel will submit to the Court the proposed: (1) Notices, (2) Claim Form, (3) Newspaper Publication, and (4) Preliminary Approval Order.

(C)     The proposed Preliminary Approval Order will include the findings required by Fed. R. Civ. P. 23(a) and 23(b)(3). The Preliminary Approval Motion also will seek (i) the setting of deadlines for Class Members to submit Claim Forms, (ii) the setting of deadlines for Class Members to submit Opt-out Statements or provide objections to this Agreement, which deadlines will be thirty (30) days from the mailing of the Notice to the Class Members, and (iii) the scheduling of a Fairness Hearing for Final Approval of the Settlement before the Court at the earliest practicable date.

The Preliminary Approval Motion also will seek the setting of date(s) for the Claim Period, within which time individuals must submit Claim Forms to be participate in the Settlement, which date will be ninety (90) days from the mailing of Settlement Checks for the First Payment Distribution as set forth in Section 3.5, to submit statements to opt-out of this Agreement or provide objections to this Agreement, which date will be thirty (30) days from the mailing of Notice to the Class Members,.

(D)     In the Preliminary Approval Motion, Class Counsel will inform the Court of the intended process to obtain a "Final Approval Order" and a "Judgment of Dismissal" that will, among other things, seek to: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the Release, as described herein; (3) dismiss the Litigation with prejudice; (4) award Class Counsel fees and costs, (5) approve payment of the Settlement Administrator's fees from the Settlement Amount, and (6) award a Service Award to the Named Plaintiffs.

(E)     While the Parties expect that the Preliminary Approval Motion will not be opposed and will be filed upon the consent of the Defendant, Defendant may respond to the Preliminary Approval Motion to ensure that it is consistent with the terms of this Agreement.  Any response papers will be due seven (7) days after Plaintiffs file the Preliminary Approval Motion.

(F)     If the Court denies the Preliminary Approval Motion, unless the parties jointly agree to seek reconsideration of the ruling or to seek Court approval of a renegotiated settlement, the Litigation will resume as if no settlement had been attempted.  Defendant retains the right to contest whether the Litigation should be

maintained as a class action or collective action and to contest the merits of the claims being asserted in the Litigation.

(G) The parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Final Judgment and Dismissal.

**2.4    Notice to Class Members via Mailing.**

(A) Within twenty (20) days of the issuance of the Preliminary Approval Order, Defendant will provide the Settlement Administrator a list of all Class Members containing names, dates of employment, and last known addresses (to the extent known).

(B) Within thirty days (30) days of issuance of the Preliminary Approval Order, the Settlement Administrator will mail to all Class Members, via First Class United States Mail, postage prepaid, the Court–approved Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing and Court-approved Claim Form.

(C) The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom a Notice and Claim Form is returned by the post office as undeliverable.   The Settlement Administrator will notify Defendant's Counsel and Class Counsel of any Notice and Claim Form sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice and Claim Form returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.  For any Class Member whose mailing is returned as undeliverable for which the Settlement Administrator is unable to locate an alternative address, Defendant shall inform the Settlement Administrator of any known alternate addresses or other contact information for attempted re-mailings. All such Class Member personal information will be treated as confidential information by the Settlement Administrator.

(D) The Claim Form shall state that the individual returning the Claim Form consents to join as a party plaintiff to the FLSA claims asserted in the Litigation, if the recipient has not already previously filed such consent in the Litigation, and authorizes Class Counsel to file the consent to join portion of the Claim Form with the Court for settlement purposes only. The Claim Form will also include a specific release consistent in all respects with Section 4 of this Agreement and the definition of Released Claims set forth in Section 1.28.

(E) In order to be a "Valid Claim Form," the Claim Form must be completed as instructed on the Claim Form, signed, dated, and returned to the Settlement Administrator within the Claim Period.

(F) Within five (5) days of receipt of an unsigned or incomplete Claim Form during the Claim Period, the Settlement Administrator shall notify in writing the Class Member who returned such Claim Form of its deficiency and provide such

individual with a copy of his or her original Claim Form or another Claim Form that the individual may use to cure the deficiency within the later of the Claim Period or ten (10) days after being notified of the deficiency by Class Counsel. The notice of deficiency and substitute Claim Form required hereunder shall be provided to the individual via U.S. mail, email or such other manner selected by the Settlement Administrator. If not properly completed and returned to the Settlement Administrator within the Claim Period or such later ten (10) day period (if applicable), the Claim Form will be null and it will not be considered or become a Valid Claim Form.

(G)    Class Members who do not timely return a Valid Claim Form to the Settlement Administrator in compliance with the preceding subsections of this Section 2.4 shall be deemed to have waived any right to receive a payment in conjunction with the Settlement Amount.

(H)    Class Members who return a Valid Claim Form to Class Counsel in compliance with the preceding subsections of this Section 2.4 shall be issued a Settlement Check as set forth in Section 3 below and will release Defendant from all Released Claims.

(I)    Class Members who neither timely return a Valid Claim Form to the Settlement Administrator in compliance with the preceding subsections of this Section 2.4 nor timely opt-out in accordance with Section 2.6 shall be deemed to release all Released State Law Claims against Defendant as defined in Section 1.29 and consistent in all respects with Section 4 of this Agreement, and shall be deemed to have waived any right to receive a payment in conjunction with the settlement.

## 2.5    Notice to Class Members via Newspaper Publication.

(A)    For the Missing Class Members, notice of the proposed settlement will be issued by Newspaper Publication. The precise newspapers will be agreed upon by the Parties prior to publication.

(B)    The Newspaper Publication will be issued at least one (1) day per week over the course of the Publication Notice Period, for a total of four (4) separate publications in the chosen Spanish language newspaper. The costs of all such Newspaper Publications shall be paid from the Settlement Amount.

(C)    The exact language of the Newspaper Publication will be agreed upon by the Parties and will contain, *inter alia*, the following information: (1) the name of the Litigation; (2) the definition of the Class Members; (3) the claims asserted in the Litigation; (4) the Settlement Amount; (5) the deadline for claiming settlement funds; (6) the contact information for the Settlement Administrator; and (7) that Defendant denies liability for any of the claims asserted in the Litigation.

(D)    During the Settlement Check Claim Period, Missing Class Members may contact the Settlement Administrator to update their contact information and claim their respective Settlement Checks. Any Missing Class Member who contacts the

Settlement Administrator and claims their Settlement Check within the Settlement Check Claim Period will be issued their Settlement Check within twenty (20) days of the date that such Missing Class Members provides his/her contact information to the Settlement Administrator. Such Missing Class Members shall be considered Participating Class Members and be fully bound by the terms of this Agreement and the Final Approval Order.

(E) The allocation to any Missing Class Member who does not claim their Settlement Check within the Settlement Check Claim Period will be redistributed pro-rata to those Class Members who cash their Settlement Checks within the check cashing deadline set forth in this Agreement.

(F) Any Missing Class Member who fails to contact the Settlement Administrator to claim their Settlement Check will not receive any distribution from the Net Settlement Fund.

**2.6    Class Member Opt-outs.**

(A) Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, signed statement to the Settlement Administrator stating that he or she is opting out of the settlement, and include his or her name, job title, address and telephone numbers and must also state the following wording, "I opt out of the JNF Bakery unpaid wages settlement" ("Opt-out Statement").  To be effective, an Opt-out Statement must be post-marked within sixty (60) days after the Settlement Administrator mailed an initial Notice to a Class Member or, if a revised or corrected Notice was subsequently mailed to a Class Member, within sixty (60) days after the Settlement Administrator mailed such revised or corrected Notice.

(B) The end of the time period to opt-out of the settlement ("Opt-out Period") shall be sixty (60) days after the day on which the Settlement Administrator successfully mails an initial, revised or corrected Notice, as applicable, to such Class Member, whichever occurs later.  Class Members whose first mailing was returned to the Settlement Administrator as undeliverable, will be allowed a second sixty (60) day period to opt out from the date of the second mailing.  The Settlement Administrator will not be required to attempt no more than two (2) mailings of the Notice to any Class Member, and no mailing shall occur more than thirty (30) days after the first mailing to the Class Member.

(C) The Settlement Administrator will, within ten (10) days after the last day on which the Settlement Administrator mails the last Notice to any Class Member, notify Class Counsel and Defendant's Counsel of the precise date of the end of the Opt-out Period.

(D) The Settlement Administrator shall serve copies of each Opt-out Statement on Class Counsel and Defendant's Counsel not later than three (3) days after receipt thereof. The Settlement Administrator will, within 24 hours of the end of the Opt-out Period,

send a final list of all Opt-out Statements, if any, to Class Counsel and Defendant's Counsel by email. Class Counsel will also, within five (5) days of the end of the Opt-out Period, file on ECF copies of any Opt-out Statements.

(E)     Any Class Member who returns a Claim Form during the Claim Period and does not properly submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement and will be issued a Settlement Check, which will contain a release of both FLSA and New York Labor Law state law claims, and consent-to-join the Litigation, as set forth under this Agreement.

**2.7     Defendant's Ability to Revoke.**  Defendant has the right to revoke this Agreement if: more than 20% of the Class Members timely file an Opt-out Statement. If Defendant wishes to exercise this right, it must do so by e-mail to Class Counsel no later than ten (10) calendar days after the end of the Opt-Out period. If Defendant revokes this Agreement, the Litigation will proceed as if there was no attempt at settlement. In that event, the classes certified for purposes of settlement shall be decertified, and Defendant may contest whether this Litigation should be maintained as a class action or collective action and contest the merits of the claims being asserted by Plaintiffs in the Litigation.

**2.8     Objections to Settlement.**

(A)     Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  To be considered, such statement must be mailed to the Settlement Administrator via First-Class United States Mail, postage prepaid, and be received by the Settlement Administrator by a date certain sixty (60) days after the Settlement Administrator mails Notice to such Class Member.  The statement must include all reasons for the objection and any reasons not included in the statement will not be considered.  The statement must also include the name, job title, address, and telephone numbers for the Class Member making the objection.  The Settlement Administrator will stamp the date received on the original and will send copies of each objection to Class Counsel and Defendant's Counsel by email and first class mail no later than three (3) days after receipt thereof.  Class Counsel will also file any and all objections with the Court within five (5) days after the end of the Opt-out Period.

(B)     An individual who files objections to the settlement ("Objector") also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector.  An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections.  An Objector may withdraw his or her objections at any time.  No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her written objections.  A Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement.

(C)     The parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

**2.9     Fairness Hearing and Motion for Final Approval and Dismissal.**

(A)     Plaintiffs' Counsel will submit to the Court, subject to Defendant's Counsel's prior approval and consent: Motions for Final Approval of Settlement, Payment of Service Awards and Payment of Counsel's Legal Fees and a Proposed Order Approving the Settlement and Dismissing the Litigation with Prejudice ("Final Approval Order").

(B)     At the Fairness Hearing and in their Motion for Final Approval and Dismissal, the Parties will request that the Court, among other things: (1) certify the Class for purposes of settlement; (2) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (3) order the Settlement Administrator to issue Settlement Checks to Participating Class Members in the amounts set forth pursuant to the agreed-upon Settlement allocation; (4) order that Service Awards in an amount not to exceed Two Thousand, Five Hundred Dollars ($2,500.00) be paid to each of the Named Plaintiffs; (5) order the attorneys' fees and litigation costs to be paid to Class Counsel from the Settlement Amount; (6) order that the Settlement Administrator be paid its fee from the Settlement Amount and subject to prior approval by Class Counsel and Defendant's Counsel, based upon reasonable time, costs and expenses actually incurred; (7) order the dismissal with prejudice of all claims asserted in the Litigation, Released Claims and the claims of all Class Members who did not opt-out, subject only to an application for relief under Fed. R. Civ. P. 60(b)(1), or 60(d); (8) order entry of Judgment of Dismissal in accordance with this Agreement; and, (9) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

(C)     If the Court fails to enter a Final Approval Order in accordance with this Agreement, or if the Final Approval Order is set aside by appeal, the parties will resume the Litigation unless the parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying Final Approval; or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

(D)     If any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved, the Litigation will proceed as if no settlement had been attempted.  Defendant retains the right to contest whether the Litigation should be maintained as a class and/or collective action and to contest the merits of the claims being asserted in the Litigation.

(E)     If the Court fails to enter a Final Approval Order, the Settlement Administrator will provide notice to Class Members that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Class Members under the

Agreement. The content of such notice shall be agreed to by the Parties and such notice shall be mailed by the Settlement Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Administrator in mailing the Notices.

(F)     The Final Approval Order will direct the Settlement Administrator to (1) provide verification to Class Counsel and Defendant's Counsel that it has distributed the Settlement Checks, (2) retain copies of all of the endorsed Settlement Checks with releases, and (3) provide Defendant's Counsel with the original or copies of the endorsed Settlement Checks in accordance with this Agreement and the Court's Final Approval Order.

**2.10    Releases and Consents to Join.**

(A)     A Class Member who returns a Claim Form as set forth in Section 3.5 during the Claim Period and who does not timely return an Opt-out Statement will be issued a Settlement Check by the Settlement Administrator in accordance with the Final Approval Order.

(B)     The Settlement Administrator will distribute the Settlement Checks to the Participating Class Members for the First Payment Distribution and for the Second Payment Distribution under Section 3.5.

(C)     The Settlement Administrator will re-issue a Settlement Check to a Class Member who provides a sworn statement that he or she never received or lost the original Settlement Check, provided an effective stop-payment has been placed on the previously-issued Settlement Check to ensure that the amount payable to such Class Member is actually received by such Class Member.

(D)     Settlement Checks will contain a release and a consent to join this lawsuit under the FLSA.  Any Participating Class Member who endorses, cashes, deposits or negotiates his/her Settlement Check thereby automatically releases Defendant from the Released State Law Claims and Released Federal Law Claims (as defined in Sections 1.28 and 1.29, respectively, and as set forth in Section 4).  Each Settlement Check shall contain the following language: By endorsing, depositing, cashing, or negotiating this check, I consent to join the FLSA collective action against Defendant styled ***Bautista, et al. v. JNF Bakery Corp. d/b/a Euopan 94, et al., No. 15 Civ. 7773 (LTS)*** and release Defendant from all Released Federal and State Law Claims as set forth in the Settlement Agreement and Release resolving such lawsuit.".

**3.     SETTLEMENT TERMS**

**3.1    Settlement Amount.**

(A)     Defendant agrees to pay a gross total Settlement Amount of Two Hundred and Fifty Thousand Dollars and Zero Cents ($250,000.00), which shall fully resolve and satisfy any claim for attorneys' fees and costs approved by the Court, any and all

amounts to be paid to Class Members, any Court-approved Service Awards to Named Plaintiffs, Employer Payroll Taxes, and the Settlement Administrator's fees and costs.

(B)    Defendant shall send to the Settlement Administrator a check or wire transfer payable to the settlement fund in the Settlement Amount by the date ten (10) days after entry of the Final Approval Order by the Court.

(C)    The Settlement Administrator shall deposit the Settlement Amount entirely into FDIC insured interest bearing accounts and interest from such interest bearing accounts will become part of the Net Settlement Fund and be held by the Settlement Administrator in escrow.

(D)    Defendant shall not make any statements or in any way discourage Class Members from participating in the settlement, including but not limited to discouraging Class Members from cashing Settlement Checks.

(E)    Class Members will have one hundred and twenty (120) days from the date of the mailing of the Settlement Checks to cash their Settlement Checks. Class Members who lose or do not receive their settlement checks must request a replacement check within Ninety (90) days of the check's initial issue date. All replacement checks shall be valid for forty-five (45) days.

(F)    In the event that any Class Member fails to cash their Settlement Check or Replacement Settlement Check within 120 days from the date of the mailing of the check, the Settlement Administrator shall redistribute the funds from those uncashed check(s) among the Class Members who had previously cashed Settlement Checks, in pro-rata payments based on the formula referenced in Section 3.4.

**3.2    Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)    At the Fairness Hearing and Motion for Final Approval, Class Counsel will petition the Court for an award of attorneys' fees of no more than one-third (33.33%) of the Settlement Amount after reimbursement for litigation costs incurred of approximately $5,722.75.  Defendant will not oppose Class Counsel's application of up to one-third of the Settlement Amount in attorneys' fees plus approximately $5,722.75 in costs and expenses incurred.  Class Counsel will also seek an order approving payment of administration costs to the Settlement Administrator.

(B)    The substance of Class Counsel's application for attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

**3.3    Service Awards to Named Plaintiffs.**

(A)   In return for services rendered to the Class Members, at the Fairness Hearing, Named Plaintiffs will apply to the Court to receive no more than Two Thousand and Five Hundred Dollars ($2,500.00) each as a Service Award from the Settlement Amount.

(B)   The application for Service Awards is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of the Court's ruling on the application for Service Awards will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval and Judgment.  Should all or part of any Service Award sought not be approved by the Court, the sum shall revert to the Net Settlement Fund and will be distributed pro-rata to eligible Class Members.

**3.4     Allocation to Class Members.**

(A)   The allocation to Participating Class Members for Settlement Checks will be made from the Settlement Amount after deductions for (1) the Settlement Administrator's fees and costs; (2) Court-approved attorneys' fees and costs for Class Counsel; (3) Court-approved Service Award to Named Plaintiffs; and (4) any fees associated with establishing, investing, or liquidating the Net Settlement Fund.

(B)   A Participating Class Member's Settlement allocation of the Net Settlement Fund will be determined by an allocation formula based on the individual's dates of employment and estimated damages, calculated according to Defendant's payroll records. Defendant will not oppose the formula unless it is in any way inconsistent with the terms of the Agreement. Unless the Participating Class Member submits evidence to demonstrate that his or her dates of employment as maintained by Defendants are inaccurate (as set forth in paragraph (c) below), the information in Defendants' employment records will govern.

(C)   Participating Class Members will be informed on the Settlement Notice that they are permitted to contact the Settlement Administrator to obtain the information from which their individual award is being calculated and, if they wish to contest the computation, they are permitted to submit evidence to support their alleged dates of employment for consideration by counsel for the Parties.   After consideration by counsel for the Parties, Class Counsel will inform the Class Member regarding the determination made by counsel for the Parties regarding the disputed claim.  In the event that the Class Member is not satisfied with counsel for the Parties' determination regarding the disputed claim, the Class Member can write to Class Counsel with their dispute of counsel's determination. Class Counsel will submit all written disputes from Class Members relating to the determination of counsel for the Parties to Judge Swain for resolution and final determination by Judge Swain, which dates will control for purposes of calculating the Class Member's damages.  In addition, in the event that counsel for the Parties disagree regarding the impact of the evidence submitted by the Class Member on that Class Member's individual allocation, after meeting and conferring, counsel for the

Parties will submit a joint letter to Judge Swain setting forth each party's position for resolution and final determination by Judge Swain.

(D)     <u>Wage Allocation and Characterization</u>.  Settlement Checks paid to Class Members will be allocated fifty percent (50%) to W-2 wage payments to compensate for alleged unpaid wages and fifty percent (50%) to 1099 as non-wage liquidated damages and interest.  Class Members are personally responsible for payment of all taxes and any tax liability resulting from the amount of any Settlement Checks allocated to 1099 as non-wage liquidated damages and interest. All W-2 wage payments to Class Members shall be subject to applicable payroll and withholding taxes, and all applicable Employer Payroll Taxes associated with such W-2 wage payments to Class Members shall be paid out of the Settlement Amount. In the event that a Class Member does not maintain a valid TaxID, the full amount of the allocation to that individual Class Member will be allocated to 1099, with all appropriate backup withholdings made by the Settlement Administrator.

**3.5     Payment Distribution to Participating Class Members.**

(A)     <u>First Payment Distribution</u>.  All Participating Class Members who mail their Claim Forms to the Settlement Administrator within ninety (90) days after the mailing of the initial Notice (the "First Payment Distribution Claim Period") shall be eligible to participate in the First Payment Distribution.  The amount of the First Payment Distribution shall be the Net Settlement Fund minus Fifty Thousand Dollars ($50,000.00), to be allocated under <u>Section 3.4</u>.  The Settlement Administrator shall mail the Settlement Checks for the First Payment Distribution within ten (10) days after the later of the Payment Date or the end of the First Payment Distribution Claim Period.

(B)     <u>Second Payment Distribution</u>.  All Participating Class Members who mail their Claim Forms to the Settlement Administrator after the close of the First Payment Distribution claim period and within ninety (90) days of the mailing of Settlement Checks for the First Payment Distribution (the "Second Distribution Claim Period") shall be eligible to participate in the Second Payment Distribution.  The amount of the Second Payment Distribution shall be Fifty Thousand Dollars ($50,000.00). This amount will be allocated first to the Participating Settlement Members who mailed their Claim Forms during the Second Payment Distribution Claim Period, under <u>Section 3.4</u>.  Any remaining amounts shall then be re-distributed to all Participating Class Members under <u>Section 3.4</u>.

(C)     <u>Claim Period.</u> Any Class Member who does not mail a Claim Form by the close of the Claim Period, within ninety (90) days after the mailing of the Settlement Checks for the First Payment Distribution, shall not be eligible to participate in the Settlement.

**3.6     Mutual Non-disparagement.**

(A)     Named Plaintiffs agree that they shall not make any statement, written, oral or electronic, which in any way disparages Defendant and Defendant agrees that they

shall not make any statement, written, oral, or electronic, which in any way disparages any of the Named Plaintiffs.

## 4.   RELEASE

### 4.1   Release of Claims.

(A)   By operation of the entry of the Judgment and Final Approval, except as to such rights or claims as may be created by this Agreement, each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Defendant JNF Bakery, their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, reinsurers, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of  them, from all wage and hour claims that could have been asserted, under state and/or common law(s) by and on behalf of the Class Members in the Litigation. The Released State Law Claims include all claims under New York state laws for regular or overtime wages, spread of hours, any related wage and hour claims, all claims for gratuities, NYLL § 195 penalties, interest on such claims, and attorneys' fees and costs related to such claims through the date this Settlement Agreement and Release is executed by all Parties.

(B)   In addition to the release of the Released State Law Claims set forth in paragraph A above, as described in Section 2.10 (D), each individual Participating Class Member who endorses, cashes, deposits or negotiates his/her Settlement Check thereby automatically releases Defendant from the Released Federal Law Claims (as defined in Section 1.28).

(C)   Except as provided in this Agreement, Class Counsel and Named Plaintiffs, on behalf of the Class Members and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against Defendant for attorneys' fees or costs associated with Class Counsel's representation of the Class Members.  Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation in the Litigation.

### 4.2   Denial of Liability.

(A)   Defendant has agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendant's business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendant, or as an admission that a class should be certified for any purpose other than settlement purposes.

(B)     Class Counsel agrees not to use the Litigation as marketing tools or for promotional purposes and shall not make any statement to the media relative to the settlement.

## 5.     INTERPRETATION AND ENFORCEMENT

**5.1**     **Cooperation Between the Parties; Further Acts.**  The parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2**     **No Assignment.**  Class Counsel and the Named Plaintiffs, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**5.3**     **Entire Agreement.**  This Agreement constitutes the entire agreement between the parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Agreement.

**5.4**     **Binding Effect.**  This Agreement shall be binding upon the parties and, with respect to the Named Plaintiffs and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**5.5**     **Arms' Length Transaction; Materiality of Terms.**  The parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the parties in entering into this Agreement, unless otherwise expressly stated.

**5.6**     **Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.7**     **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**5.8**     **Blue Penciling.**  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**5.9**     **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**5.10**    **Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.  The Court shall not have jurisdiction or authority to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

**5.11**    **Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.12**    **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its execution.  The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all parties had signed the same instrument.

**5.13**    **Signatures of Named Plaintiffs.**  This Agreement is valid and binding if signed by Defendants' authorized representative and by the Named Plaintiffs.

**5.14**    **Facsimile and Email Signatures.**  Any party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**WE AGREE TO THESE TERMS,**

**For Plaintiffs:**

_____
Carlos Bautista

09 / 09 / 2016
Dated

_____
Gaudencio Antonio

09 / 12 / 16
Dated

**For Defendant:**

_____
JNF Bakery

_____
Dated

**For Plaintiffs:**

_____
Carlos Bautista

_____
Dated

_____
Gaudencio Antonio

_____
Dated


**For Defendant:**

_____
JNF Bakery

9/24/16
_____
Dated

40964842-7554-8725v.1